# COURT OF APPEALS.

WILLIAM B. CALKINS, appellant, agt. ABRAM FALK, respondent.

The written memorandum of a contract of purchase and sale of property, demanded
by the *statute of frauds*, requires parties, a subject-matter, and a consideration.
Where the memorandum fails to show who were the *contracting parties*—which was
the seller and which the buyer, it is defective and void.

*June Term*, 1869.

APPEAL from decision of the general term of the supreme
court of the third judicial district.

D. C. BAKER, *attorney for appellant.*
YOUNG *and* RAMSEY, *attorneys for respondent.*

JAMES, J.—A nonsuit should have been directed on the
trial; the evidence failed to establish a legal contract bind-
ing on the defendant.

By the statute of frauds (2 *R. S.*, 136, §3), "every con-
tract for the sale of any goods, chattels, or things in action,
for the price of $50 or more, is declared void, unless a note
or memorandum of such contract be made in writing, and
be subscribed by the parties to be charged thereby, or un-
less the buyer accept and receive part of the goods, &c., or
unless the buyer shall at the time pay some part of the
purchase-money."

The contract sought to be enforced was for the sale of
goods of the value of over $50, no part thereof was delivered
and accepted, and no part of the purchase-money paid
down.

To constitute a contract there must be parties, a subject-
matter, and a consideration.   The written memorandum

demanded by the statute requires this in the writing sub-scribed by the party to be charged.` The form of the writing is not regarded; if the writing expresses a contract, no matter how informally, the statue is satisfied. So on the other hand, no matter how formal the writing may be, if it do not contain within itself a contract, it fails to satisfy the statute.

The writing set forth in the complaint did not satisfy the statute. It did not show to whom the hops were sold; it imposed no obligation upon any person to by or to pay. It was simply a memorandum that defendant had sold his hops, for which he agreed to pay himself. It no more purported an agreement with the plaintiff's assignor, than with any other party.

In *Champion* agt. *Plummer* (4 *Bos. and Pull.*, 253) the plaintiff sought to recover on a memorandum in his own book, written thus: " Bought of Wm. Plummer, 20 puncheons treacle, at 37c. to be delivered by 10 Dec." Signed, "Wm. Plummer." Lord MANSFIELD, in deciding the case, said, " How can that be said to be a contract, or memorandum of a contract, which does not state who are the contracting parties? By this note it does not appear to whom the goods were sold. It would prove a sale to any other party as well as to the plaintiff; there cannot be a contract without two parties."

This deficiency of the contract sued upon, was sought to be supplied by the production of another instrument, which, it was claimed, should be construed in connection with the first as one instrument. It is a rule of law that "several written instruments, executed at the same time, between the same parties, and relating to the same subject matter, may be construed together as forming parts of a single instrument."

But there was no evidence that the two instruments pro duced were executed at the same time; they are dated at the same town, and on the same day, but that does not

prove their simultaneous execution. Nor do they purport to be between the same parties; the first has but one party ; the second has two, but neither is the defendant. It was said, on the argument, that the defendant was a party, that Falk and Falleck were the same name only differently spelled, but that cannot be presumed ; if executed at the same time, and meant for the same person, the spelling would, probably, be alike, and hence the presumtion is against its being the same person. The court, without extrinsic evidence, would have no right to say these names were identical. Nor does it appear that these papers relate to the same subject matter.

It is true, they both relate to a sale of hops at the same price, deliverable at the same time and place. But whose hops ? Those of Falk or those of Sutphen ? It cannot be determined from the writing. So that upon their face, these papers do not show they were executed at the same time, between the same parties, and relate to the same subject matter. Whether proof *aliunde* would have been admissible or could have been produced, does not arise, as none was offered. In this view, the writing signed by Sutphen was improperly admitted in evidence.

But conceding the two papers as parcels of one instrument to be construed together, it would not help the plaintiff's case. It would still fall short of the memorandum required by the statute of frauds. It would fail to show who were the contracting parties, which was the seller, and which the buyer ; both agree to sell and both to pay, one to himself and the other to a third party. To ascertain, it would still be necessary to go outside the writings, and that would defeat the statute.

To answer the statute demands, the memorandum must express the contract, or the parties are not bound. As was said by Chief Justice KENT, in *Bailey* agt. *Ogden*, (3 *J. R.*, 399, 418), "the form of the memorandum is not material, but it must state the contract with reasonable certainty, so

that the substance of it can be made to appear and be understood from the writing itself without recourse to parol proof."

These writings, one or both together, fail to meet these requirements. Hence, no legal or binding contract was established on the trial.

The order of the general term reversing the judgment below was right, and should. be affirmed, and judgment absolute rendered for the defendants.

MURRAY, J. (*dissenting*).—The statute of frauds provides (2 *R. S.*, 135, § 3), " that every contract for the sale of any goods, chattels, or things in action, for the price of fifty dollars or more, shall be void, unless a memorandum of such contract be made in writing, and be subscribed by the parties to be charged thereby."

The judge, on the trial, correctly decided that these two papers must be read together as one contract. The defendant took no exception to that decision. Assuming that to be so, there is an entire compliance with the statute. It is not denied but what it is sufficiently subscribed.

The party that receives the pay is the vendor of the goods. It is stated in the contract, that Abram Folluk, or Abram Falk, is the party to receive the pay. Abram Folluk and Abram Falk are one and the same person.

The defendant, who is sued as Abram Falk, at the request of plaintiff, produced on the trial that part of the contract signed by Sutphen, in which the purchase price was made payable to Abram Folluk, which proves conclusively, that the defendant Abram Falk and Abram Folluk is one and the same person. It was not denied, on the trial, but that they were one and the same person ; no such suggestion was made. The defendant did not intimate he was not the man when the plaintiff presented him the contract, and notified him to deliver the hops.

. By the contract, Sutphen agreed to pay for the hops. He then was the purchaser. So that there was a memorandum

of this contract made in writing. It appears, by that writing, who was the vendor, and who the vendee. The property sold, was stated and described. The price to be paid was specified. It was subscribed by both the parties. Nothing more to satisfy the most technical construction of the statute is required.

Though inartificially drawn, it is an entire compliance therewith.

If I am right in these views, the judgment of the general term should be reversed, and that of the special term affirmed.